**UNITED STATES of America,**

v.

**Gezo Goeong EDWARDS, Defendant.**

**Criminal No. 11–129–1 (CKK).**

United States District Court,
District of Columbia.

Feb. 29, 2012.

Debra L. Long–Doyle, Steven B. Wasserman, U.S. Attorney, Washington, DC, for United States of America.

David Walker Bos, Federal Public Defender for D.C., Washington, DC, for Gezo Goeong Edwards.

### MEMORANDUM OPINION AND ORDER

COLLEEN KOLLAR–KOTELLY, District Judge.

Before the Court is Defendant Gezo Goeong Edwards's [192] Motion for Release of Funds. Defendant requests a hearing to determine the validity of the Government's seizure of certain assets. Defendant argues that the assets are necessary in order for Defendant to exercise his Sixth Amendment rights and retain his current counsel, Mr. Eduardo Balarezo, for trial in this matter. The Government filed a [194] Opposition, asserting that Defendant failed to make the threshold showing show he lacks sufficient assets to pay his counsel. For the reasons stated below,

the Court agrees that Defendant failed to show that he lacks sufficient assets to retain counsel pending trial, thus at this time, Defendant is not entitled to a hearing on the seizure of his assets. Therefore, Defendant's motion is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

According to the Government, which Defendant has not disputed, on April 26, 2011, FBI agents and police officers executed a search warrant for Defendant's residence in Silver Spring, Maryland. During the search, agents seized $360,009 in United States currency, found in vacuum sealed bags in a hidden floor compartment in a closet in the residence. First Bill of Particulars, ECF No. [131], at 2. Agents also seized $6,380 in United States currency, an engagement ring with an appraised value of $25,000, and a woman's Rolex watch with an appraised value of $14,000 from Defendant's residence. *Id.* Defendant was arrested the same day the search warrant was executed. The FBI later seized approximately $22,603.50 from two bank accounts, one in the name of the Lunar Funding Group, and one in the name of The Gueong Edwards Family Trust. *Id.* at 3. Defendant's motion apparently challenges the seizure of the cash currency seized during the search of his residence and the funds seized from the two bank accounts.

On June 16, 2011, a Grand Jury returned a superseding indictment, charging Defendant Edwards and thirteen co-defendants with Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or more of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). Superseding Indictment, ECF No. [28], at 1-3. Defendant Edwards also faces two

counts for Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c). The Superseding Indictment includes a forfeiture allegation pursuant to 21 U.S.C. § 853 for "any property constituting, or derived from, any proceeds obtained, directly or indirectly" from the charged drug trafficking offense. *Id.* at 11.

## II. LEGAL FRAMEWORK

■ Defendant Edwards seeks a hearing[1] on the Government's seizure of assets Defendant claims he needs in order to Defendant to exercise his right to counsel under the Sixth Amendment.

> [W]here the government has obtained a seizure warrant depriving defendants of assets pending a trial upon the merits, the constitutional right to due process of law entitles defendants to an opportunity to be heard *at least where access to the assets is necessary for an effective exercise of the Sixth Amendment right to counsel.*

*United States v. E–Gold, Ltd.,* 521 F.3d 411, 421 (D.C.Cir.2008) (emphasis added). The D.C. Circuit explained that due process does not require a hearing be held *before* the seizure of assets "upon probable cause that the assets were used in violation of specified criminal statutes." *Id.* at 417. However, "defendants have a right to an adversary post-restraint, pretrial hearing for the purpose of establishing whether there was probable cause 'as to the defendant[s'] guilt and the forfeitability of the specified assets' needed for a meaningful exercise of their rights to counsel." *Id.* at 419 (quoting *United States v. Monsanto,* 924 F.2d 1186, 1195 (2d Cir.1991)). The *E–Gold* Court specifically limited its holding to requiring hearings in cases in which

---

1. Probable cause hearings on the seizure of assets are often referred to as *Monsanto* hear-

ings after *United States v. Monsanto,* 924 F.2d 1186 (2d Cir.1991).

defendants "have demonstrated the inability to retain counsel of their choice without access to the seized assets." *Id.* at 415.

## III. DISCUSSION

■ The Government opposes Defendant Edwards' request for a *Monsanto* hearing on the grounds that Defendant failed to make the threshold showing that the he cannot obtain counsel without access to the seized assets. The Court agrees. Specifically, the Court finds Defendant failed to provide sufficient information regarding (1) Defendant's assets (or lack thereof); (2) the nature of the agreement with his counsel; and (3) Defendant's ability to use other assets, liquid and non-liquid, to pay his legal fees. Absent more information, Defendant is not entitled to a *Monsanto* hearing.

In support of his motion, Defendant Edwards submitted a declaration stating only that "[b]eyond the money seized, I do not have any available funds to pay Attorney Balarezo's retainer." Decl. of Gezo Edwards, ECF No. [192–1], ¶ 6. Defendant did not provide any additional information regarding his assets, liabilities, sources of income, or other information relevant to his ability to retain legal counsel. Judge Paul L. Friedman rejected a more detailed declaration as insufficient to trigger a *Monsanto* hearing in *United States v. Emor,* 794 F.Supp.2d 143 (D.D.C.2011). In *Emor,* in support of his request for a *Monsanto* hearing, the defendant submitted a declaration stating "that he lacks any income or investments, that his spouse is not employed, that he has six dependents, and that he has only between $22,000 and $50,000 in cash on hand or money in savings or checking accounts." *Id.* at 149 (internal quotation marks omitted). Defendant Edwards provided far less information, and thus is undoubtedly inadequate to show Defendant's Sixth Amendment rights are at risk.

The deficiencies of Defendant Edwards's declaration are even more glaring when compared to the detailed declarations submitted by the defendants in *E–Gold.* Douglas Jackson, a defendant in *E–Gold,* submitted an affidavit detailing his status as a potential beneficiary of a trust, his lack of other sources of income, his liquid and non-liquid assets (including cars), his debts (including credit cards and monthly rent), his wife's income, and his dependents and assets held in the name of the dependents. *United States v. E–Gold, Ltd,* No. 07–109, Aff. of D. Jackson, Ex. 5 to Mot. to Vacate Seizure Warrant, ECF No. [35–5]. Defendant Barry K. Downey likewise outlined his monthly expenses, gross and net income from his law practice, all assets and their values, as well as his other outstanding debts. *Id.,* Aff. of B. Downey, Ex. 7 to Mot. to Vacate Seizure Warrant, ECF No. [35–7]. By contrast, Defendant did not provide any information about what assets he has (or used to have), his sources of income, and his long term and short term liabilities such as rent or mortgage payments. There is simply not enough information in the record for the Court to find Defendant cannot retain counsel without the seized assets.

Defendant's declaration is also insufficient in so far as he provides no information regarding the amount of funds necessary to retain Mr. Balarezo to proceed to trial. Defendant Edwards' declaration indicates only that "it appears I am forced to go to trial. Therefore I must pay attorney Balarezo an additional fee to represent me at trial." Edwards Decl. ¶ 4. As Judge Friedman noted,

> The Court has no way of knowing whether or how much these counsel have already been paid, or whether further fee payments are required, and in what amount. In other words, the rec-

ord is simply bare of any evidence suggesting that Mr. Emor's defense is endangered by a lack of funds.

*Emor*, 794 F.Supp.2d at 149. In this case, the Court lacks any information regarding the previous retainer or funds paid to Mr. Balarezo up to this point in the case or the amount of any retainer Mr. Balarezo is requesting in order to proceed to trial on this matter. Absent this information, the Court cannot determine whether the seized assets are in fact necessary in order for Defendant Edwards to retain his counsel of choice for trial in this case such that a *Monsanto* hearing is required.

■ Finally, the Court notes that approximately $22,603.50 of the assets in question were seized from bank accounts in the names of the Lunar Funding Group and The Gueong Edwards Family Trust. First Bill of Particulars at 3. There is no information on the record before the Court to indicate whether these funds, if released, could be used by Defendant Edwards for purposes of retaining counsel. A *Monsanto* hearing is not required with respect to seized assets that, if released, could not be used by the Defendant to pay for legal representation. *Emor*, 794 F.Supp.2d at 150. Even if Defendant demonstrated that some portion of the seized assets were required in order for Defendant to retain counsel, absent a showing these funds would be available upon their release by the Government to Defendant in order to retain Mr. Balarezo, Defendant would still not be entitled to a *Monsanto* hearing as to these specific funds.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Defendant Edwards failed to show the assets seized by the Government are necessary in order for Defendant to exercise his Sixth Amendment right to counsel.

Defendant failed to provide any detailed information as to his assets, liabilities, and sources of income. Defendant further failed to provide any information regarding funds previously paid to his counsel, and any additional funds that counsel is requesting in order to proceed to trial in this matter. Finally, for certain assets seized by the Government, Defendant has not demonstrated the assets would be available to Defendant to pay for legal services. Therefore, at this time, without a more specific showing, Defendant is not entitled to an adversarial hearing to determine whether the Government had probable cause to seize the assets in question.

Accordingly, it is, this 29th day of February, 2012, hereby

**ORDERED** that Defendant's [192] Motion for Release of Funds is DENIED WITHOUT PREJUDICE.

**SO ORDERED.**